**UNITED STATES, Appellee,**

v.

**Private E–1 Timothy S. MABIE, 131–58–6651, United States Army, Appellant.**

**ACMR 8600814.**

U.S. Army Court of Military Review.

5 June 1987.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Jerry W. Peace, JAGC, Captain John J. Ryan, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Samuel J. Rob, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before PAULEY, De GIULIO and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Judge:

Appellant was tried by general court-martial consisting of officer and enlisted members. Pursuant to his pleas of guilty, he was found guilty of two specifications of larceny, sodomy, felony murder, obstruction of justice and indecent acts in violation of Articles 121, 125, 118, and 134, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. §§ 921, 925, 918, and 934 (1982). He was sentenced to a dishonorable discharge, confinement for life, and total forfeitures. The convening authority had entered into a pretrial agreement with appellant to refer the case to trial as non-capital in exchange for the pleas of guilty. The agreement specifically provided that any lawful punishment adjudged could be approved, and the convening authority approved the sentence.

Appellant alleges that sexual acts committed on a human corpse do not constitute the offense of indecent acts with another. We hold that the questioned specification states an offense.

Appellant's offenses arise out of two separate incidents. Only the incident concerning the allegation of error will be discussed.

Appellant met the victim, a 28–year-old American female, on a bus. She was attempting to reach her home in Vach, Federal Republic of Germany. She got off the bus in the Fuerth area and asked directions to another bus stop so she could continue her journey home. With intent to rape the victim, appellant deceitfully offered to show the victim a shortcut to the bus stop. While on a relatively secluded path, appellant grabbed the victim. The victim kicked, hit and scratched the appellant. Appellant grabbed her by the throat with both hands strangling and killing her. While strangling the victim he tore the buttons from her blouse with his teeth. After appellant determined the victim was dead, he carried her a short distance off the path, removed her clothing and committed acts of sexual intercourse and anal sodomy with the corpse of the victim.[1] Completing his sexual acts, appellant removed two rope handles from the victim's handbag, tied them together and then tied them tightly around her neck. The sexual intercourse and anal sodomy are the alleged indecent acts contained in the specification which is the subject of the assignment of error.

Appellant's counsel contends that in order to commit an indecent act, the wrongful act must be committed with a certain person. *See* Manual for Courts-Martial, United States, 1984 [hereinafter cited as MCM, 1984], Part IV, para. 90*b*(1). A person is defined as a human being and a corpse is defined as the dead body of a human being. *Black's Law Dictionary* 310, 1028 (5th ed. 1979). Therefore, it is reasoned, if a corpse were a person it would be defined as a human being and not a dead body of a human being. Consequently, it is concluded, a corpse is not a person and appellant could not commit the offense. We need not involve ourselves with this kind of specious reasoning. Contrary to appellant's assertion, he was not charged with or convicted of "indecent acts with another" under MCM, 1984, Part IV, para. 90*b*(1). Instead he was charged with and convicted of indecent acts with the dead body of the victim.

---

1. The stipulation of fact concludes that the victim was dead at the time of these acts. Appellant's belief that the victim was dead is further supported by his comment to a sergeant that, "he checked her heart and pulse to ensure that she was dead and then he f— her ... the reason why he f— her because it was always good to f— dead meat because it's still warm."

We believe appellant's argument misses the point of importance. As the Court of Military Appeals has stated:

[W]hen it enacted the general article, Congress intended to proscribe conduct which directly and adversely affected the good name of the service. And most assuredly, when an accused performs detestable and degenerate acts which clearly evince a wanton disregard for the moral standards generally and properly accepted by society, he heaps discredit on the department of the Government he represents.... Here the touchstone is whether the accused's conduct was of such a nature as to bring discredit upon the service, and it would be an affront to ordinary decency to hold that an act such as the one here committed was not criminal *per se* and would not dishonor the service in the eyes of civilized society.

*United States v. Sanchez,* 29 C.M.R. 32 at 33, 34 (C.M.A.1960) (specification alleging wrongful and unlawful commission of an indecent bestial act with a chicken alleges conduct of such a nature as to bring discredit on the service). This language is clearly applicable to the case before us.

Indeed, MCM, 1984, Part IV, para. 90*c* provides, " '[i]ndecent' signifies that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene, and repugnant to common propriety, but tends to excite lust and deprave the morals with respect to sexual relations." In explanation of this Manual provision, the drafters cite, *inter alia, Sanchez.* M.C.M., 1984, Analysis to para. 90*c*; App. 21, A21–102. We conclude, therefore, that the facts alleged in the specification state an offense under Article 134, U.C.M.J.[2]

The assignment of error and those errors personally alleged by the appellant are without merit. The findings of guilty and the sentence are affirmed.

Senior Judge PAULEY and Judge KENNETT concur.

---

2. MCM, 1984, Part IV, para. 60*c*(6)(c) provides, "[i]f conduct by an accused does not fall under any of the listed offenses for violations of Article 134 in this Manual (paragraphs 61 through 113 of this Part) a specification not listed in this Manual may be used to allege the offense."